Priority ✓
Send ✓
Enter ✓
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___



FILED
CLERK, U.S. DISTRICT COURT
JUL 12 2005
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

ENTERED
CLERK, U.S. DISTRICT COURT
JUL 13 2005
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICKI FAIR, | NO. EDCV 04-00684-SS |
| Plaintiff, | |
| v. | MEMORANDUM DECISION AND ORDER |
| JO ANNE B. BARNHART, Commissioner of the Social Security Administration, | THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(d). |
| Defendant. | |

Plaintiff Vicki Fair ("Plaintiff") seeks review of Defendant Jo Anne B. Barnhart, Commissioner of the Social Security Administration's ("Defendant") decision denying her disability benefits, having filed a Complaint on June 8, 2004. Plaintiff is represented by David M. Shore, Esq. Defendant is represented by Assistant United States Attorney Constance M. Komoroski. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c).

\\

\\

\\

Plaintiff filed a Motion for Summary Judgment on April 12, 2005. Defendant filed a Memorandum in Opposition to Motion for Summary Judgment on June 10, 2005. For the reasons stated below, the decision of the Commissioner is REVERSED and REMANDED for further proceedings.

**PROCEDURAL HISTORY**

On November 25, 2001, Plaintiff, then age forty-three, filed an application for Disability Insurance Benefits under Title II of the Social Security Act.[1] (Administrative Record ("AR") 66). Plaintiff alleged a disability onset date of October 5, 2000 on the bases of chronic fatigue syndrome, fibromyalgia, head and eye pain, and "tiredness." (AR 58). In particular, Plaintiff alleged that these conditions caused her "pain, fatigue, stress, sleep problems, memory confusion, and depression." (AR 58).

The Social Security Administration (the "Agency" or "Commissioner") denied Plaintiff's claim for benefits on March 7, 2002. (AR 30). The Agency determined that Plaintiff's condition was not disabling. (AR 30). On reconsideration, the Agency affirmed its decision. (AR 36). Plaintiff requested a hearing by an Administrative Law Judge ("ALJ"). (AR 42).

A hearing before ALJ F. Keith Varni was conducted on September 17, 2003, at which Plaintiff appeared, represented by counsel. (AR 358).

---

[1] Title II of the Social Security Act is codified at 42 U.S.C. §§ 401-434 ("Federal Old-Age, Survivors, and Disability Insurance Benefits").

Plaintiff testified on her own behalf. (AR 359-373). A vocational expert testified at the hearing. (AR 373-379).

On October 28, 2003, ALJ Varni issued a decision denying benefits (AR 22). Plaintiff sought review of this decision before the Appeals Council. (AR 22). On April 7, 2004, the Appeals Council denied review, and the ALJ's decision became the final decision of the Commissioner. (AR 5). Plaintiff commenced the instant action on June 8, 2004.

## THE FIVE-STEP SEQUENTIAL EVALUATION PROCESS

To qualify for disability benefits, a claimant must demonstrate a medically determinable physical or mental impairment that prevents her from engaging in substantial gainful activity[2] and that is expected to result in death or to last for a continuous period of at least twelve months. Reddick v. Chater, 157 F.3d 715, 721 (9th Cir. 1998) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work she previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

To decide if a claimant is entitled to benefits, an ALJ conducts a five-step inquiry. 20 C.F.R. § 404.1520. The steps are:

\\\

---

[2] Substantial gainful activity means work that involves doing significant and productive physical or mental duties and is done for pay or profit. 20 C.F.R. § 404.1510.

>  (1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>  (2) Is the claimant's impairment severe? If not, the claimant is found not disabled. If so, proceed to step three.
>  (3) Does the claimant's impairment meet or equal one of list of specific impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is found disabled. If not, proceed to step four.
>  (4) Is the claimant capable of performing her past work? If so, the claimant is found not disabled. If not, proceed to step five.
>  (5) Is the claimant able to do any other work? If not, the claimant is found disabled. If so, the claimant is found not disabled.

Tackett, 180 F.3d at 1098-99; see also Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett); 20 C.F.R. §§ 404.1520(b)-404.1520(f)(1).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante, 262 F.3d at 953-54 (citing Tackett). Additionally, the ALJ has an affirmative duty to assist the claimant in developing the record at every step of the inquiry. Id. at 954. If, at step four, the claimant meets her burden of establishing an inability to perform past work, the Commissioner must show that the claimant can perform some other work

that exists in "significant numbers" in the national economy, taking into account the claimant's residual functional capacity,[3] age, education, and work experience. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. § 404.1520(f)(1). The Commissioner may do so by the testimony of a vocational expert or by reference to the Medical-Vocational Guidelines appearing in 20 C.F.R. Part 404, Subpart P, Appendix 2 (commonly known as "the Grids"). Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001) (citing Tackett). When a claimant has both exertional (strength-related) and nonexertional limitations, the Grids are inapplicable and the ALJ must take the testimony of a vocational expert. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000) (citing Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988)).

## THE ALJ'S DECISION

The ALJ employed the five-step sequential evaluation described above. At the first step, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of her disability. (AR 16). Next, the ALJ found that Plaintiff had the medically determinable physical impairments of chronic fatigue syndrome, possible fibromyalgia, depressive disorder, not otherwise specified, hiatal hernia with gastroesophageal reflux disease, and right hallux valgus. (AR 18). The ALJ found that these impairments were severe within the meaning of applicable regulations and rulings. (AR 18). The \\\

---

[3] Residual functional capacity is "what [one] can still do despite [her] limitations" and represents an "assessment based upon all of the relevant evidence." 20 C.F.R. § 404.1545(a)

5

ALJ, however, found that Plaintiff's mental impairments were not severe. (AR 18-19).

At the third step, the ALJ found that Plaintiff's impairments did not meet or equal any of the impairments appearing in the "Listing of Impairments" set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR 18). In the fourth step of his analysis, the ALJ weighed the medical evidence in determining Plaintiff's residual functional capacity. (AR 19). The ALJ concluded Plaintiff was capable of performing light work activity. (AR 19). The ALJ specifically concluded that Plaintiff could (1) lift and carry ten pounds frequently and twenty pounds occasionally, (2) sit, stand or walk frequently with customary breaks, and (3) climb, stoop, kneel, crouch, and crawl frequently. (AR 22). In analyzing Plaintiff's residual functional capacity, the ALJ considered Plaintiff's complaints of pain, but did not find them credible for several reasons. (AR 22).

Next, a vocational expert testified that, given the ALJ's residual functional capacity determination of light work, Plaintiff would be able to perform her past work, which included clerical duties. (AR 21). The vocational expert also testified that, if Plaintiff were given the residual functional capacity assessment of sedentary work, Plaintiff would be able to perform thousands of similar clerical jobs in the region. (AR 21). Therefore, based upon the evidence and the vocational expert's testimony, the ALJ concluded that Plaintiff was not disabled. (AR 22).

\\\
\\\

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The court may set aside the Commissioner's decision when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1097); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996) (citing Fair v. Bowen, 885 F.2d 597, 601 (9th Cir. 1989)).

"Substantial evidence is more than a scintilla, but less than a preponderance." Reddick, 157 F.3d at 720 (citing Jamerson v. Chater, 112 F.3d 1064, 1066 (9th Cir. 1997)). It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." Id. (citing Jamerson, 112 F.3d at 1066; Smolen, 80 F.3d at 1279). To determine whether substantial evidence supports a finding, the court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland, 257 F.3d at 1035 (citing Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing that conclusion, the court may not substitute its judgment for that of the Commissioner. Reddick, 157 F.3d at 720-21 (citing Flaten v. Sec'y, 44 F.3d 1453, 1457 (9th Cir. 1995)).

\\\
\\\
\\\
\\\
\\\

## DISCUSSION

### The ALJ Failed To Provide Clear and Convincing Reasons for Rejecting Plaintiff's Subjective Pain Testimony

Plaintiff argues that the ALJ did not properly analyze Plaintiff's credibility because he failed to consider all the relevant evidence. The Court agrees that the ALJ selectively reviewed the record to Plaintiff's detriment when he evaluated Plaintiff's testimony.[4] The Court also finds that the ALJ erred by failing to consider the third party questionnaires. As such, the reasons provided for rejecting Plaintiff's testimony were not clear and convincing.

"Unless there is affirmative evidence showing that the claimant is malingering, the ALJ's reasons for rejecting pain testimony must be clear and convincing." Burch v. Barnhart, 400 F.3d 676, 680 (9th Cir. 2005); Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001).

The ALJ must consider "observations of treating and examining physicians and other third parties regarding . . . the nature, onset, duration and frequency of the claimant's symptoms" when evaluating the credibility of symptom testimony. Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996)(citing SSR 88-13)(emphasis added); see also 20 C.F.R. 404.1529(c).

---

[4] The Court's analysis on this issue is dispositive of this case for purposes of remand, and it is not necessary to address Plaintiff's remaining contentions.

The ALJ here failed to consider the observations of third parties (Plaintiff's friends, Karen Miller and Christine Udelhofen) submitted in the form of third party questionnaires. (AR 71-76; 89-94). Because Plaintiff's friends appeared to be in close contact with her, their questionnaire responses were particularly relevant to Plaintiff's case and should have been considered. See Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993) (holding that friends and family members in a position to observe a claimant's symptoms and daily activities are competent to testify as to a claimant's condition). Furthermore, the ALJ's failure to consider the third party questionnaires was especially significant given that the evidence in this case was not decidedly in favor of either party.[5]

In rejecting Plaintiff's testimony, the ALJ primarily relied on Plaintiff's daily activities and a comment made by a consultative physician.[6] (AR 20). The ALJ, however, erred by selectively considering the evidence of Plaintiff's symptoms to Plaintiff's detriment. For example, the ALJ stated that Plaintiff could "walk two miles regularly." (AR 20). However, Plaintiff testified that she was only able to walk two miles "on a good day" and that she had only seven

---

[5] Plaintiff had also sought extensive treatment from numerous physicians. Such extensive treatment supports Plaintiff's subjective complaints. See Burch, 400 F.3d at 681 (9th Cir. 2005) (holding that Plaintiff's treatment history was "powerful evidence" regarding the extent to which Plaintiff was in pain); see also Smolen, 80 F.3d at 1284.

[6] The ALJ also noted that Plaintiff smiled during testimony. While the inclusion of such an observation does not render the decision improper, the Ninth Circuit disapproves of the use of "sit and squirm" jurisprudence. Verduzco v. Apfel, 188 F.3d 1087, 1090 (9th Cir. 1999); Perminter v. Heckler, 765 F.2d 870, 872 (9th Cir. 1985).

1  "good days" per month.  (AR 369).  The ALJ cannot "reach a conclusion
2  first, and then attempt to justify it by ignoring competent evidence in
3  the record that suggests an opposite result."  Gallant v. Heckler, 753
4  F.2d 1450, 1455-56 (9th Cir. 1984); see also Reddick v. Chater, 157 F.3d
5  715, 722-723 (9th Cir. 1998) (impermissible for ALJ to develop
6  evidentiary basis for "not fully accounting for the context of materials
7  or all parts of the testimony and reports").

9      The ALJ also noted that a statement made by Dr. Conaty, a
10 consultative examining physician, undermined Plaintiff's credibility.
11 Dr. Conaty did state that Plaintiff exhibited "symptomatic
12 magnification of subjective claims." (AR 279).  However, the ALJ
13 failed to note that Dr. Conaty also stated that such magnification is
14 consistent with fibromyalgia.  (AR 279).  Given that the ALJ stated
15 that Plaintiff suffered from "possible fibromyalgia," (AR 18), Dr.
16 Conaty's statement is not convincing evidence that Plaintiff's claims
17 were not credible.
18 \\\
19 \\\
20 \\\
21 \\\
22 \\\
23 \\\
24 \\\
25 \\\
26 \\\
27 \\\
28

## CONCLUSION

Accordingly, pursuant to sentence four of 42 U.S.C. § 405(g),[7] IT IS ORDERED that judgment be entered REVERSING and REMANDING the decision of the Commissioner for further administrative proceedings in accordance with this decision. IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: July 12, 2005.

*Suzanne H. Segal*
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE

---

[7] This sentence provides: "The [district] court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."